**In re Lawrence B. KLEIN, Debtor.**

No. 04–16082.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 10, 2005.

Richard J. Hollander, Miller & Hollander, Naples, FL, for Debtor.

## ORDER ON AMENDED APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS (DOC. NO. 48)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 13 case is an Amended Application for Award of Attorneys' Fees and Costs filed by Louis X. Amato (Mr. Amato). Mr. Amato represents Peru Associates, LLC, the Petitioning Creditor who filed the Involuntary Petition for Relief under Chapter 7, pursuant to Section 303 of the Bankruptcy Code, against Lawrence B. Klein (the Debtor).

In his Application, Mr. Amato seeks $2,932.50 as fees for his services and $263.50 as reimbursement for expenses. According to the Fee Application, Mr. Amato spent 8.85 hours in attorney time at an hourly rate of $300.00, and 3.9 hours in paralegal time at an hourly rate of $75.00 in his representation of the Petitioning Creditor. Mr. Amato seeks compensation for his services pursuant to Section 503(b)(4) of the Code, contending that the services rendered included cooperating with the Trustee to discover assets and to investigate records with the Department of Motor Vehicles. According to Mr. Amato, the services rendered were a substantial contribution to the cases, therefore, he is entitled to an award pursuant to 11 U.S.C. § 503(b)(4).

The record reveals that the Involuntary Petition was filed on August 12, 2004. A copy of the Petition with the Summons was served on the Debtor on August 30, 2004. Since the Debtor failed to contest or challenge the Petition, this Court entered the Order for Relief on September 22, 2004.

On September 23, 2004, the United States Trustee appointed Robert Tardif as Trustee for the estate of the Debtor. Mr. Amato was not retained by the Trustee to act as attorney for the estate. There is nothing in this record that indicates that Mr. Amato ever applied to be employed as a professional in the case and he was not authorized to represent the estate.

As noted earlier, the original Involuntary Petition against the Debtor was filed under Chapter 7. However, on December 13, 2004, the Debtor filed his notice of conversion to convert his case to a Chapter 13, and the case is currently being administered under that Chapter.

On December 17, 2004, this Court entered an Order and converted the Chapter 7 case to a Chapter 13 case. In due course, the Application of Mr. Amato was set for hearing with notice to all parties of interest. At that time, this Court heard the statements of Mr. Amato, counsel for the Debtor and the standing Chapter 13 Trustee, and now finds and concludes as follows

These are the facts relevant to the matter under consideration. As noted earlier Mr. Amato seeks compensation for his legal services pursuant to Section 503(b)(4). This Section provides that the Court may allow reasonable compensation for professional services rendered by an attorney who represented a creditor who filed an involuntary petition as an administrative expense pursuant to Section 503(b)(3)(A). Section 503(b)(4) provides that the extent of the award is measured by the time, the nature, the extent, and the value of such services. It should be noted that such an award is not based on "substantial contri-

bution," which is dealt with in Section 503(b)(5). That concept applies only in Chapter 9 and 11 cases.

▪ Clearly, Mr. Amato is entitled to an allowance for legal services rendered to the Petitioning Creditor. These services certainly include all time spent for the preparation and filing the Involuntary Petition, up to and including, the entry for the Order for Relief.

▪ However, in the present instance Mr. Amato seeks compensation for time spent after the entry of the Order for Relief. It is axiomatic that the administration of a Chapter 7 estate is exclusively the duty of the Chapter 7 Trustee. In a Chapter 7 case, attorneys for the debtor or creditors are not entitled to compensation for services rendered in aid of the administration unless the attorney was retained as a professional by the Trustee pursuant to Section 327 by the Trustee. Mr. Amato's Fee Application involves services rendered after the entry of the Order for Relief. In Paragraph 4, Mr. Amato describes the services rendered as "... cooperating with the Chapter 7 trustee to discover assets of the estate when the debtor ignored orders of this Court to attend at [the] Section 341 meeting or to timely submit schedules and a statement of financial affairs ..."

In addition, Mr. Amato contends that he was instrumental in conducting an investigation of the records of the Department of Motor Vehicles, which was the duty and the responsibility of the Trustee and not the attorney representing the Petitioning Creditor. Thus, it is clear that the services rendered by the attorney up to the entry of the Order for Relief are compensable. What allowance, if any, could be made for the services rendered for which compensation is sought after the entry of the Order for Relief pursuant to Section 503(b)(4)?

The total number of hours spent after the entry of the Order for Relief were devoted by Mr. Amato to receipt and review of Trustee's Motion to Compel Debtor's Cooperation Under Section 521 to File Schedules and Statement of Financial Affairs and to Attend Creditors' Meeting. In addition, Mr. Amato monitored the Administration by the Trustee and did check with the DMV concerning the registration of the vehicles and the Trustee's attempt to compel cooperation of the Debtor and monitor the Trustee's attempt to obtain the turnover of property and, most notably, time Spent with Mr. Tolentino, who appeared to be representing the Debtor.

Lastly, the Fee Application seeks an award for the hours spent after December 7, 2004, all of which occurred after the Debtor filed its Notice of Conversion to a Chapter 13 case on December 13, 2004. It cannot be gainsaid that an attorney for a Petitioning Creditor has no duty or responsibility to perform services on behalf of the estate after the Chapter 7 case was converted to a Chapter 13 case. Even though Mr. Amato rendered some services to the Trustee he acted as a volunteer and the law is well established that parties cannot impose administrative charges on the estate unless the attorney was retained pursuant to Section 327 of the Code.

In sum, Mr. Amato is entitled to the amount of $300.00 for attorney fees rendered and $112.50 for paralegal fees prior to the entry of the Order for Relief. He is also entitled to reimbursement of costs incurred in the amount of $263.50, for a total amount of $676.00.

The services rendered by him and his paralegal after the Order for Relief ordinarily would not be compensable. But in light of the fact that he acted in good faith and the Trustee apparently accepted his services, Mr. Amato shall be entitled to an additional $700.00 in attorney fees and

$180.00 in paralegal fees, for a total of $880.00,

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Amended Application for Award of Attorneys' Fees and Costs (Doc. No. 48) be, and the same is hereby, approved, and it is hereby determined that a reasonable fee for services rendered by Mr. Amato and his paralegal for services performed prior to and after the Order for Relief is in the amount of $1,392.50 and a reasonable reimbursement of expenses is in the amount of $263.50, which is to be paid as an administrative expense pursuant to Section 503(b)(4).